## STANWOOD *versus* WOODWARD.

An inn-holder has a lien for the entertainment of his guest, upon his property committed to his charge.

But before *such lien* can be established, he must prove that he is an inn-holder according to the provisions of R. S., c. 36.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J. presiding.

REPLEVIN for the tools of a book-binder and a lot of materials used in that trade.

No copy of the pleadings was furnished, but they seem to have been the general issue and a brief statement of a *lien claim* upon the property as *inn-holder*, for the board of the defendant.

The defendant kept the Commercial House at Rockland. The plaintiff went there on May 15, 1852, and stayed until June 11th, following. The property replevied was put into a back room, and remained there till Nov. 30, of the same year. A tender was made to defendant for the sum charged for *storage*, but he refused to give up the property until the board of plaintiff was paid. That has not been done.

The Court were authorized to enter a judgment according to the rights of the parties.

*Sargent* and *H. C. Lowell*, for defendant.

*Meserve*, for plaintiff.

SHEPLEY, C. J.— The plaintiff appears to have been the owner of the property replevied. The defendant denies his right to have possession of it, asserting a lien upon it as an inn-keeper for board of the plaintiff at the Commercial House, in Rockland.

No person can be an inn-holder without being licensed according to the provisions of the statute. c. 36, § 17; *Lord* v. *Jones*, 24 Maine, 439.

The defendant cannot establish a lien which will enable him to retain the property of the plaintiff, without proof of his character as an inn-holder. There being no such proof a default must be entered. *Defendant defaulted.*

TENNEY, RICE, APPLETON and CUTTING, J. J., concurred.